**BANKERS' & PLANTERS' MUT. INS. ASS'N v. WALKER, Internal Revenue Collector.**

(Circuit Court of Appeals, Eighth Circuit.   February 10, 1922.)

No. 5616.

**1. Internal revenue ☞9—Mutual life association held subject to war revenue tax.**

A mutual association, not operating under the lodge system, and whose membership is not confined to any one locality, which insures the lives of its members, making assessments when losses occur sufficient to meet such losses and pay the expenses of maintaining the association, but providing for no dividends or profits, *held* subject to tax on its policies or certificates, under War Revenue Act, § 504a (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6309¼a).

**2. Internal revenue ☞9—Amount of life policy for purpose of tax.**

Under War Revenue Act, § 504a (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6309¼a), imposing a tax "equivalent to 8 cents on each $100, or fractional part thereof, of the amount for which any life is insured under any policy of insurance or other instrument, by whatever name the same is called," a policy issued by a mutual association, insuring the life of a member for $100 and accumulations, the amount being increased after six months at the rate of $12.50 per month until it reaches $1,000, provided the amount collected on assessments made on a specified "circle" of 1,000 members is sufficient, and all liability being contingent on continued payment of assessments by the insured, *held* subject to tax on the amount of the association's liability thereon at the time the tax is assessed.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action at law by the Bankers' & Planters' Mutual Insurance Association against Jack Walker, Collector of Internal Revenue. Judgment for defendant, and plaintiff brings error. Affirmed.

W. P. Strait, of Morrillton, Ark., for plaintiff in error.

June P. Wooten, U. S. Atty., and R. W. Wilson, Asst. U. S. Atty., both of Little Rock, Ark., for defendant in error.

Before HOOK and STONE, Circuit Judges, and COTTERAL, District Judge.

STONE, Circuit Judge.   The petition herein was for recovery of internal revenue taxes, paid under protest, which had been assessed and collected under section 504 of the War Revenue Tax Law of 1917 (40 Stat. 315 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6309¼a]). This section provided for tax on life insurance business. The tax rate was 8 cents on—

"each $100 or fractional part thereof of the amount for which any life is insured under any policy of insurance, or other instrument, by whatever name the same is called."

This petition was amended in respects not here important. The court sustained a demurrer thereto. Plaintiff elected to stand upon the amended petition, and declined to further plead. From a judgment entered in favor of defendant, plaintiff brings this writ of error.

[1] Plaintiff was an association of members, brought together with-

out regard to locality or place, and for the sole purpose of insuring the lives of the members. The business plan was to divide the members into "circles" of 1,000 members each, charge a small entrance fee, and pay losses by graduated limited assessments, collected at time of loss, upon the surviving members of that particular "circle." The assessments also provided for the maintenance of the business organization and operation, but no reserve, surplus, or other fund was provided, and no dividends or profits could be earned. The amount of insurance of each member was at entrance $100, which amount increased after the first six months at the rate of $12.50 per month to a maximum of $1,000, provided that all dues and assessments were promptly paid, and provided that the value of any certificate should not exceed the net proceeds of a regular assessment of the surviving members of that "circle." The tax was assessed and collected, against protest, not alone on the initial certificate value of $100, but also upon the accrued increased valuation basis of $12.50 monthly after the first six months.

Plaintiff in error claims here that it was not subject to any tax under section 504, supra, and also that, if so subject, the basis of tax could not attach to the accrued increases, but only to the initial certificate value of $100. The theories upon which plaintiff relies to entirely escape the tax are, first, that it is not within the meaning of section 504; and, second, that it is within each of two expressed exemptions from that section. The argument as to the first contention is that plaintiff it not an insurance company, but merely "a mutual aid society, organized for the mutual benefit of its members upon the pro rata assessment plan, has no capital stock, and makes absolutely no profit for the members thereof." This contention is unsound, because this is a purely life insurance arrangement and business, and section 504 does not require profits or dividends as a prerequisite to this tax.

The contentions as to exemption are based upon subdivision (d) of section 504 and upon section 700 of the same act (40 Stat. 318 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6309½a]). Subdivision (d) of section 504 provides that—

"Policies issued by any person, corporation, partnership, or association, whose income is exempt from taxation under title 1 of the act entitled 'An act to increase the revenue, and for other purposes,' approved September eighth, nineteen hundred and sixteen, shall be exempt from the taxes imposed by this section."

The portions of title 1 of the Revenue Act of 1916 thought applicable by plaintiff in error are the first paragraph of section 10 (39 Stat. 765 [Comp. St. § 6336j]) and portions of section 11a (39 Stat. 766 [Comp. St. § 6336k]). The part of section 10 is as follows:

"That there shall be levied, assessed, collected, and paid annually upon the total net income received in the preceding calendar year from all sources by every corporation, joint-stock company or association, or insurance company, organized in the United States, no matter how created or organized but not including partnerships, a tax of two per centum upon such income; and a like tax shall be levied, assessed, collected, and paid annually upon the total net income received in the preceding calendar year from all sources within the United States by every corporation, joint-stock company or association, or insurance company organized, authorized, or existing under the laws of any foreign country, including interest on bonds, notes, or other interest-bear-

ing obligations of residents, corporate or otherwise, and including the income derived from dividends on capital stock or from net earnings of resident corporations, joint-stock companies or associations, or insurance companies whose net income is taxable under this title: Provided, that the term "dividends" as used in this title shall be held to mean any distribution made or ordered to be made by a corporation, joint-stock company, association, or insurance company, out of its earnings or profits accrued since March first, nineteen hundred and thirteen, and payable to its shareholders, whether in cash or in stock of the corporation, joint-stock company, association, or insurance company, which stock dividend shall be considered income, to the amount of its cash value."

The portions of section 11a are as follows:

"That there shall not be taxed under this title any income received by any—
* * * Third. Fraternal beneficiary society, order, or association, operating under the lodge system or for the exclusive benefit of the members of a fraternity itself operating under the lodge system, and providing for the payment of life, sick, accident, or other benefits to the members of such society, order, or association or their dependents. * * * Sixth. Corporation or association organized and operated exclusively for religious, charitable, scientific, or educational purposes, no part of the net income of which inures to the benefit of any private stockholder or individual. * * * Tenth. Farmers' or other mutual hail, cyclone, or fire insurance company, mutual ditch or irrigation company, mutual or co-operative telephone company, or like organization of a purely local character, the income of which consists solely of assessments, dues, and fees collected from members for the sole purpose of meeting its expenses."

The contentions are that plaintiff in error should be included in fraternal benefit societies, in associations not organized for profit, and certainly in the last above quoted exemption of

"like organization of a purely local character, the income of which consists solely of assessments, dues, and fees collected from members for the sole purpose of meeting its expenses."

Clearly the plaintiff in error does not come within the above class of fraternal benefit societies, because the statute exempts only such as are "operating under the lodge system or for the exclusive benefit of the members of a fraternity itself operating under the lodge system," and plaintiff admittedly is not so operating. It is equally clear that plaintiff cannot escape such tax under subdivision "Sixth" of section 11a above quoted. That subdivision does not exempt all non-profit organizations (even if plaintiff be of that class), but it exempts only such non-profit organizations as are "organized and operated exclusively for religious, charitable, scientific, or educational purposes," and obviously plaintiff falls completely without all of these four classes.

It is also evident that plaintiff does not come within the "like organization of a purely local character, the income of which consists solely of assessments, dues and fees collected from members for the sole purpose of meeting its expenses" as set out in subdivision "Tenth" of section 11a, above quoted. This is not a "purely local" organization; its income is not collected for the mere purpose of "meeting its expenses," but goes much beyond this and covers insurance payments; and it is not a "like organization," such organizations being "farmers' or other mutual hail, cyclone or fire insurance company, mutual ditch or irrigation company, mutual or co-operative telephone company." Life in-

surance is too well known and important for us to suppose that Congress would detail hail, cyclone, and fire insurance, and intend life insurance to be included in the general expression of "like association." The plaintiff is clearly liable to the tax.

[2] The final contention is that the tax was assessed upon a wrong basis. This plan of insurance divided the members into so-called "circles" of approximately 1,000 members. Upon entrance, a member was issued a benefit certificate which provided for payment, upon death, of $100, with accumulations, if any. These accumulations began after a membership for six months, and continued, at the rate of $12.50 a month, until the total value of the certificate reached $1,000. The payment of any benefits depended upon dues being kept up to the time of death. The payment was through assessments upon the other members of the particular "circle." These assessments were governed in amount by age and length of membership, with a maximum of $1.12 for each death. The benefit paid might therefore be affected by the amount of the assessment which could be collected from that "circle." The membership of each "circle" is maintained at approximately 1,000 by the admission of new members.

The collector assessed the tax on the basis of $100 and the accrued accumulations, after six months, of $12.50 a month. Plaintiff contends that such accumulations should not have been included. This is based on the contentions that the statute limits the amount to the value at the time of issuance of the policy and that the value of the accumulations is uncertain because dependent upon the policy being kept up until death and upon the amount which can be collected from assessment on the other members of the "circle."

The provisions of the statute relied upon to support the first contention are found in section 504 of the act of 1917 (40 Stat. 315 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6309¼a]), and are as follows:

"There shall be levied, assessed, collected, and paid the following taxes on the issuance of insurance policies: (a) Life insurance: A tax equivalent to 8 cents on each $100 or fractional part thereof of the amount for which any life is insured under any policy of insurance, or other instrument, by whatever name the same is called."

This quoted passage defines the subject of taxation to be "the issuance of insurance policies." It then sets out the rate of taxation on the issuance of life insurance policies to be 8 cents "on each $100 or fractional part thereof of the amount for which any life is insured under any policy of insurance," etc. The policies, or instruments, of insurance issued by plaintiff called for $100 and accumulations. Every condition of the contract which might affect the payment of the accumulations might equally affect the minimum of $100. Therefore the amount of insurance called for by the contract cannot, in any sense, be said to be $100, rather than that sum plus accumulations which might have been earned by the member. Such accumulations do not, therefore, fall without the intent of the statute.

Nor can it matter that, under the contract, the payment of accumulations or the amount of such payment is conditioned upon payment of dues by the insured and upon the amount collectable from surviving

members of the "circle." The same conditions apply to payment of the $100 minimum. Generally speaking, similar situations are of frequent occurrence in insurance matters. The assessment was properly levied against the $100 minimum and the accumulations earned at the time of the assessment, because that total sum reresented at that time, under this form of insurance contract, the "amount of insurance" intended by the statute.

The judgment is affirmed.

HOOK, Circuit Judge, concurred in the above disposition of this case, but died before preparation of the opinion.