## SHELBY COUNTY MUT. RELIEF ASS'N v. SCHWANER, Collector, etc.

District Court, S. D. Illinois, S. D. June 7, 1927.

No. 17593.

1. **Statutes** ⊙⇒245—**Doubt whether plaintiff is within exemption in taxing statute must be resolved in government's favor.**

Any doubt as to whether a plaintiff is within an exemption in a taxing statute must be resolved in favor of the government.

2. **Internal revenue** ⊙⇒9(7)—**County mutual relief association, paying death benefits to dependents of its members from assessments levied, held subject to policy tax (Revenue Act 1918, § 503 and § 231, par. 10 [Comp. St. §§ 6309⅓d, 6336⅛o]).**

A county mutual relief association, paying death benefits to dependents of its members from assessments levied, held not within the exemption of certain local mutual companies, made in Revenue Act 1918, § 231, par. 10 (Comp. St. § 6336⅛o), and the association is subject to policy tax under section 503 (section 6309⅓d).

At Law. Action by the Shelby County Mutual Relief Association against G. W. Schwaner, Collector, etc. Judgment for defendant.

W. C. & W. L. Kelley, of Shelbyville, Ill., and Geo. B. Gillespie, of Springfield, Ill., for plaintiff.

Walter M. Provine, U. S. Atty., of Springfield, Ill., for defendant.

FITZHENRY, District Judge. The plaintiff sues to recover the sum of $600.46

premium taxes assessed and collected upon the insurance policies under the provisions of section 503, Revenue Act of 1918 (40 Stat. 1057, 1104 [Comp. St. § 6309½d]). It appears from the evidence in this case that plaintiff is organized, and its purpose is, to pay death benefits to its members; that it is being operated solely for the exclusive benefit of its members in the payment of death benefits to dependents of members of the association, upon proof. The revenues of the company are derived from assessments made on its members, from time to time, as deaths occur, to pay benefits and expenses. The membership is limited to persons living in Shelby County. The taxes were paid under protest.

It is contended by plaintiff that it comes within the exemption granted in paragraph 10 of section 231 of the Revenue Act of 1918 (Comp. St. § 6336½o), which is as follows:

"Sec. 231. That the following organizations shall be exempt from taxation under this title—* * *

"(10) Farmers' or other mutual hail, cyclone, or fire insurance companies, mutual ditch or irrigation companies, mutual or cooperative telephone companies, or like organizations of a purely local character, the income of which consists solely of assessments, dues, and fees collected from members for the sole purpose of meeting expenses."

There can be no doubt from the evidence in this case that the plaintiff is a local mutual life insurance company within the meaning of the statute, and it is liable for the taxes, unless it comes within the exemption of paragraph 10 of the Revenue Act of 1918. [1] Plaintiff contends that the words in paragraph 10, above quoted, "or like organizations of a purely local character," should be so construed as to include the plaintiff. If it can be said that there is any doubt as to whether plaintiff brings itself, by the evidence, within the purview of this exemption in the statute, that doubt must be resolved in favor of the Government. Bank of Commerce v. Tennessee, 161 U. S. 134, 16 S. Ct. 456, 40 L. Ed. 645; Cornell v. Coyne, 192 U. S. 418, 431, 24 S. Ct. 383, 48 L. Ed. 504; Swan & Finch Co. v. United States, 190 U. S. 143, 146, 23 S. Ct. 702, 47 L. Ed. 984. [2] Where a similar statute was under consideration (Bankers' & Planters' Mutual Ins. Ass'n v. Walker, Collector, 279 F. 53) the Circuit Court of Appeals for the Eighth Circuit said:

"Life insurance is too well known and important for us to suppose that Congress would detail hail, cyclone, and fire insurance, and intend life insurance to be included in the general expression of 'like association.' The plaintiff is clearly liable to the tax."

The conclusion that there is a serious doubt as to whether the plaintiff was within the exemption claimed by it under the Revenue Act of 1918 is strengthened by the fact that not until the Sixty-Eighth Congress was it deemed advisable to extend the exemption to benevolent life insurance associations of a purely local character. When Congress did conclude to extend the scope of the exemption, it added the words, "Benevolent life insurance associations of a purely local character," at the beginning of paragraph 10, section 231, of the Revenue Act of 1924 (26 U. S. C. A. § 982 [Comp. St. § 6336½nn]). If the plaintiff's contention were correct, it would have been unnecessary for Congress to enact the amendment referred to.

The court therefore finds the issues for the defendant, and judgment may be entered accordingly.