*1183 OPINION.
Siefkin :
In brief, the petitioner makes two contentions. First, that it is exempt; and, second, that if it is not exempt, the contributions, fees, or dues of members should either be not considered as income at all or the petitioner should be entitled to a deduction equal to the amount of the receipts.
It is our opinion that the petitioner is not exempt. To be entitled to exemption it must bring itself within the exemption clauses of the taxing statute, which, in this proceeding, are found in section 231 of the Revenue Act of 1918. That section is composed of 14 paragraphs. The petitioner states in its brief:
While the taxpayer cannot point to any particular paragraph of this section which enumerates organizations of the precise character of the taxpayer, it does not follow that the taxpayer is nevertheless taxable. The object and purpose of Section 231 was to exempt certain types of organizations which (except for the exemption) might be construed to be taxable. The activities of the petitioner, however, are of a character so evidently outside the scope or purview of a business organization, and the contributions of the members are so clearly capital contributions, that the Association feels it unnecessary to assimilate its position and status to the organizations referred to in Section 231.
We can not agree. Where Congress specifies exemption to certain organizations the organization seeking exemption must bring itself clearly within the exemption granted and there is no reason for another group of exemptions not expressed. See Commercial Health, etc., Co. v. Pickering, 281 Fed. 539; Bankers, etc., Association v. Walker, 279 Fed. 53; Workingmen's Cooperative Association, etc., 3 B. T. A. 1352; Philadelphia & Reading Belief Association, 4 B. T. A. 713.
It is evident that the petitioner has confused the conception of exempt status for the association with the conception that certain receipts may not constitute income. This is apparent because the petitioner filed returns as a voluntary unincorporated association and reported as income the amounts received from its invested funds. If the petitioner is entitled to exempt status, even such amounts would be exempt. See Trinidad v. Sagrada Orden De Predicadores, 263 U. S. 578. We hold that the petitioner does not have exempt status.
The second contention rests upon the petitioner’s belief, for which there is support in the evidence and in the testimony of an undoubtedly qualified actuary, that it was under a constantly growing liability by the receipt of such monies.
The question then is, whether there is anything in the facts stated, construed under the Revenue Act of 1918, that will justify the petitioner in excluding the monies received by it from income or, what *1184 results in the same thing, in deducting an amount as a reserve for an accrued liability.
It is our opinion that there is no adequate reason given for excluding the receipts. The petitioner says that they are capital contributions. This assertion ignores the distinction between the members and the association. The latter is a separate taxable entity and payments to it by members under the rules and regulations of the Association, become part of the general funds of the Association and may be used for any legitimate purpose expressed in the rules and regulations. Included in such purposes may be, for example, legal expenses in contesting the claim of any member. It is clear, therefore, that payments are not capital contributions in the sense that they must be kept intact and earmarked. Instead, they become part of the current assets of the association, usable for general association purposes.
We may concede that the testimony of the actuary who testified in this proceeding is correct, but his testimony goes no farther than this; that accumulations necessary to cover the contingent liability of the association (computed by the usual method of estimating insurance liabilities) should amount to over $400,000 for 1919, whereas the association had about $46,000, and should amount to over $900,000 for 1920, when the surplus, in fact, was about $54,000. Even so, we would not be justified in holding that the amounts received by the association either did not constitute income or that the association had an equivalent deduction without authority for such holding in the taxing act, the Revenue Act of 1918. The justification for similar deductions in the case of an insurance company is found in section 234 (a) (10) and (11), which states:
(10) In the case of insurance companies, in addition to the above: (a) The net addition required by law to be made within the taxable year to reserve funds (including in the case of assessment insurance companies the actual deposit of sums with State or Territorial officers pursuant to law as additions to guarantee or reserve funds) ; and (b) the sums other than dividends paid within the taxable year on policy and annuity contracts;
(11) In the case of corporations issuing policies covering life, health, and accident insurance combined in one policy issued on the weekly premium payment plan continuing for life and not subject to cancellation, in addition to the above, such portion of the net addition (not required by law) made within the taxable year to reserve funds as the Commissioner finds to be required for the protection of the holders of such policies only.
We agree with the respondent that section 234 (a) (10) does not permit the deduction, since there is no net addition “ required by law”. The basis of the petitioner’s contention is that good insurance accounting, not the law of any State or state authority, requires the reserve. See United States v. Boston Insurance Co., 269 U. S. 197, in which it was held that even though state officials denominated
*1185 a fund to meet certain accrued but unsettled loss claims as a “ reserve fund ”, the Federal Act did not permit the deduction as a “ reserve required by law There, as here, it was undoubtedly good insurance accounting to set up a liability for the contingency, but here we must hold, as the Supreme Court held there, that the creation of such a liability does not justify a deduction from income. hTor does the petitioner come within section 234 (a) (11) since its policies do not continue for life and are subject to cancellation. See section VIII-14, 16, 17, of the Rules and Regulations, set forth in our findings of fact. Nor are its policies issued on the weekly premium plan. The petitioner is not entitled to a deduction or a reserve under section 234 (a) (11). See Philadelphia & Reading Relief Association, 4 B. T. A. 713.
Reviewed by the Board.

Judgment will be entered for the resfondent.

Smith and Trussell dissent.
Sternhagen did not participate.