**LIBERTY LIFE INS. CO. v. PEPPERELL, Collector of Internal Revenue.**

No. 540.

District Court, D. Kansas, Second Division.

April 5, 1930.

744

Thomas F. Doran and Clayton E. Kline, both of Topeka, Kan., for plaintiff.

Nelson T. Hartson, Sol. of Internal Revenue, and Forest D. Siefkin, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and Al. F. Williams, U. S. Atty., and Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan. (A. W. Gregg, Gen. Counsel, Bureau of Internal Revenue, and E. H. Horton, Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant.

HOPKINS, District Judge.

The action is one in which the plaintiff seeks to recover from the collector of internal revenue certain taxes alleged to have been illegally assessed and collected for the period from December, 1917, to December, 1920, inclusive. It appears to have been filed in 1923 and continued from time to time up until November 30, 1928, when trial by jury was waived and the case submitted to the court for decision on an agreed statement of facts and briefs by the parties. The chief contention by plaintiff is that the Farmers' & Merchants' Mutual Life & Casualty Association, a Kansas corporation, was exempt from the payment of the taxes assessed and collected because it was a "like organization" to those exempted under subdivision 10 of section 11 (chapter 463) (a) of the Revenue Act of 1916 (39 Stat. 767, section 6336 [k] U. S. Comp. Stat. 1916), subdivision 10 of section 231 of the act of 1918 (40 Stat. 1076), as later changed by the retroactive provision of section 1013 (b) of the revenue act of 1924 (43 Stat. 343, 26 USCA § 983), which reads: "(10) Farmers' or other mutual hail, cyclone, or fire insurance companies, mutual ditch or irrigation companies, mutual or cooperative telephone companies, or like organizations, * * * the income of which consists solely of assessments, dues, and fees collected from members for the sole purpose of meeting expenses."

The Farmers' & Merchants' Mutual Life & Casualty Association was organized for the following purposes: "That the members may associate themselves together for the purpose of making insurance on the lives of individuals, and against personal injury, disablement or death resulting from injury, and to make insurance on the health of individuals, and to receive money for such purpose, and for expense of management, by voluntary donation or contribution, or to collect the same by regular dues or assessments on the members."

It is argued that the association was organized solely for the mutual benefit of its policyholders; that it at no time wrote any other than health and accident policies; that its sole income was derived from assessments on its members, and that it had no outside investments, no capital stock or stockholders, and that no one connected with it received any benefit or compensation other than for actual services performed or mutual benefits under the policies which it issued; that it was a small organization operating in territory tributary to Topeka, Kan., and as such was recognized by the collector of internal revenue.

I have given careful consideration to the above and other contentions of the plaintiff, but am of the opinion the Farmers' & Merchants' Mutual Life & Casualty Association was not a "like organization" of a purely local character entitled to exemption under provision of the statutes mentioned, such organizations exempted being "farmers' or other mutual hail, cyclone, or fire-insurance companies, mutual ditch or irrigation companies, mutual or cooperative telephone companies."

See Bankers' & Planters' Mutual Assurance Association v. Walker, 279 F. 53 (C. C. A. 8th Cir.); Commercial Health & Accident Co. v. Pickering, 281 F. 539 (Dist. Ct. Southern Dist. of Ill.); Shelby County Mutual Relief Association v. Schwaner, 21 F. (2d) 252 (Dist. Ct. Southern Dist. of Ill.).

Other questions are ably and lucidly presented in the briefs but need not be determined, since if the Farmers' & Merchants' Mutual Life & Casualty Association could not itself recover the taxes paid, its successor would have no right to do so.

An order may be drawn accordingly for judgment in favor of the defendant and against the plaintiff.